PATCH *et al.*

*v.*

MORRISETT *et al.*

(*Supreme Court of Appeals of Virginia, May 2, 1895.*)

[22 S. E. Rep. 173.]

**Deed of Trust for Purchase Money—Injunction to Restrain Sale—Cloud on Title—Case at Bar.***

The existence of a lien for a small paving tax is not such a cloud on the title as to warrant the enjoining of a sale under a deed of trust given for the price thereof, as the trustee can be compelled to pay the tax out of the purchase money.

**Same—Same—Same—Same.**

A sale of land under a trust deed, for the price of the land conveyed thereby, will not be enjoined because upon a part of the same tract, other than that conveyed by the trust deed, a family burying ground was reserved by a previous grantee, there being sufficient land remaining in the seller (the beneficiary in the trust deed) to afford ingress to the burying ground and egress therefrom without touching the land conveyed by the trust deed.

**Same—Conditions of Sale—Case at Bar.**

Where a deed of trust provides that if, at the time of sale thereof, any of the notes secured thereby shall not be due, the purchase money necessary to pay the same shall be made payable when such notes mature, the trustee cannot sell for cash to pay a note not due at the time of sale.

**Same—Same—Same.**

Though grantors in a deed of trust despoil the trust property by removing buildings situate thereon, they do not thereby forfeit their right to have the property sold upon a credit provided for in the trust deed.

Appeal from circuit court, Chesterfield county.

---

*See monographic note on "Deeds of Trust," Va. Rep. Anno.

Bill by George Patch and others against T. J. Morrisett and others to enjoin a sale under a deed of trust. From a decree for defendants, plaintiffs appeal. Reversed.

*D. S. Pulliam* and *Wm. I. Clopton,* for appellants.

*Chas. S. Page,* for appellees.

KEITH, J., delivered the opinion of the court.

George Patch and others filed a bill in the circuit court of the county of Chesterfield in August, 1892, setting out that in March, 1890, they conveyed to George E. Gary, trustee, a parcel of land in the city of Manchester, to secure four notes, payable in one, two, three, and four years after date, representing the purchase money of a lot of ground purchased by them of T. J. and Harriet V. Morrisett. The deed of trust provides for the payment of the notes as they may become due, the trustee being empowered, when required so to do by the holder of the notes, to sell the property conveyed for cash, as to so much as may be necessary to defray the expenses of executing the trust, and to discharge the amount of money payable upon the notes ; and it further provides that "if, at the time of such sale, any of the notes shall not have become due and payable, such part or parts of said purchase money as will be sufficient to pay off and discharge such remaining notes shall be made payable at such time or times as the said remaining notes will become payable, and as to the residue, if any, after paying the said notes at such time as the grantors [who are the complainants in the bill] should direct." The bill avers that the trustee had advertised the property for sale, in violation of the terms and conditions in accordance with which he was required by the deed to sell, and files with the bill, as an exhibit, the terms of sale as advertised by the trustee, as follows : "Cash as to expenses of sales, taxes, if any be due, and to pay off a note of $770, and interest on same from March 26th, 1892,

till paid. Note due March 26th, 1893, for $811.25; and another note due March 26th, 1894, for $852.50. The residue on such terms as will be announced at sale." The sale was advertised to take place on the premises on the 19th day of July, 1892, at 6:30 p. m., when it appears that but one of the unpaid notes was due, all of which the bill avers to be a direct violation of the terms of the deed of trust. The complainant avers, further, that, when they bought the land, they were informed that the sum of $55 was due to the city of Manchester for paving tax; and that, under the law and ordinance of the city of Manchester, the tax is a lien on the land. They further aver that the land in question is a part of the lands of which James Briggs died seised and possessed, and which was "conveyed to T. J. Morrisett and Harriet V. Morrisett by a deed of partition with E. T. Bass and Mary E. Bass, his wife"; that the land, of which this is a part, was acquired by Briggs by two deeds,—one from William Harman, dated 17th May, 1851, and the other from Cecelia A. Granger, dated the 15th of March, 1850; and that the deed from Granger contains the following reservation, to wit: "Saving and reserving the family burying ground, of thirty-two feet square, with the privilege of ingress and egress to the same." For these reasons the complainants say that the trustee ought not to sell the land in question, and pray for an injunction, which was awarded. Upon notice, however, given a short time thereafter, the judge of the circuit court of Chesterfield dissolved the injunction, and the plaintiffs applied to this court for an appeal, which was allowed.

We do not think that the paving tax due to the city of Manchester constitutes any cloud upon the title. There is no reason to suppose that if it was an existing incumbrance upon the property, for which the appellees were liable, the trustees would not have made a proper application of the purchase money. They could, without doubt, have

been compelled to do so, and it is scarcely possible that so small a charge could seriously have affected the sale of the property ; nor do we think that the reservation of the burial lot constitutes any substantial objection to the title.    There is strong reason to believe that it had been abandoned ; but, apart from this, we think the law applicable to the case is correctly stated in the answer of T. J. Morrisett and wife.   The lot purchased by the plaintiffs was only a part of the real estate owned by the appellees.    The burying ground is not upon that part sold by them to the appellants, but appears from the evidence to be upon the portion retained by the appellees.    There has been as yet no demarcation of the precise route by which the right of ingress and egress over the lands of T. J. Morrisett and Harriet V. Morrisett to the reservation in question is to be enjoyed ; but there can be no doubt that, in accordance with general principles governing such cases, those entitled to the easement over the lands in question would be required to exercise that right in subordination to the rights of others, and this incumbrance, which existed upon the property of the Morrisetts prior to their alienation of a part of the estate charged with it, would, in favor of the alienee for value, be restricted to that portion of the land with which they have not yet parted, provided such restriction did not interfere with the reasonable use and enjoyment of the easement by those for whose benefit it was created. There is no suggestion that the burying ground is not as accessible through and over that portion of the land which T. J. Morrisett and wife have not aliened as over that portion of it which they have sold to the appellants.    A court of equity, therefore, under such circumstances, would require those in whose favor the easement exists so to exercise it as to impose the burden upon Morrisett and wife, and to exonerate the appellants.    We do not think, therefore, that this reservation constituted any ground for the interposition of the court.

We are, however, reluctantly forced to the conclusion that,

in the terms of sale advertised by the trustee, he exceeded the powers conferred upon him by the deed of trust, which alone is the source of his authority to act.   It plainly appears from the advertisement that he undertook to sell for a sum not due, which was obviously in excess of his powers.   For this reason, we think the decree of the circuit court dissolving the injunction was erroneous.

The decree recites that the appellants, after procuring the injunction, entered upon the property, and removed therefrom a valuable brick building, and that "therefore they should be left to what remedy they may have had at law," and for this reason the injunction awarded was dissolved.   In thus spoliating property as to the possession and enjoyment of which they had invoked the protection of the court, the complainants committed a flagrant and unjustifiable act.   It was a contempt of the court, for which, if guilty, they might and should have been punished by the imposition of such pains and penalties as the law denounces against that offense.   We cannot, however, concur with the circuit court in thinking that the complainants had thereby forfeited all claim to relief against the improper exercise by their trustee of the powers with which he had been clothed.   It seems to us that the duty of the trustee was wholly unaffected by the misconduct attributed to the appellants, and that, having transcended his power, it still remained the duty of the court to exercise the jurisdiction conferred upon it, and to confine the trustee to the due observance of the provision of the instrument from which he derived his authority.

We are therefore of opinion that the decree of the circuit court of Chesterfield dissolving the injunction should be reversed; and, this court proceeding to enter such decree as the circuit court of Chesterfield ought to have entered, it will be further ordered and decreed that the injunction granted on July 16, 1892, by the judge of the circuit court of Chesterfield be perpetuated, but without prejudice to the rights of those en-

titled to the benefit of the deed of trust executed by the appellants to George E. Gary, trustee, to require the trustee therein named, or any substituted trustee, to advertise the property for sale, or to proceed otherwise, as they may be advised, to enforce the said deed ; and that the appellants recover their costs in this court and in the circuit court of Chesterfield county.